IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARK HENDERSON                                                                                PLAINTIFF
ADC #78763

v.                                               5:17cv00300-KGB-JJV

JAMES GIBSON, Warden,
Varner Unit; *et al.*                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    INTRODUCTION**

Mark Henderson ("Plaintiff"), an inmate at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 2, 12.) He alleges Defendants James Shipman and Jared Byers, Wardens at the Varner Unit, subjected him to excessive force and denied him adequate medical care.[1] (Doc. No. 12 at 3-10.) Defendants Shipman and Byers have now filed a Motion for Summary Judgment, contending Plaintiff failed to exhaust his administrative remedies before filing this action. (Doc. Nos. 41-43.) Plaintiff has responded (Doc. Nos. 48-49), and this matter is now ripe for a decision. After careful review, and for the following reasons, I find the Motion for Summary Judgment should be GRANTED and Plaintiff's cause of action DISMISSED.

---

[1] Plaintiff's original Complaint also named Defendants James Gibson and Hoot Gipson and stated a claim regarding a missing mp4 player. (Doc. No. 2 at 3-4, 7-9.) Those claims have been recommended for dismissal; Plaintiff's Amended Complaint does not name Defendants Gibson or Gipson and does not make any claim regarding the mp4 player. (Doc. Nos. 12, 16.)

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam).

Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

The grievance policy of the Arkansas Department of Correction in effect at the time of the alleged constitutional violations was Administrative Directive 14-16, and Plaintiff's allegations are governed by that Directive. (Doc. Nos. 41-1 at 1, 41-2 at 1, 41-3.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (Doc. No. 41-3 at 5.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident. (*Id*.) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (*Id*. at 5-6.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (*Id*. at 8.) The warden or his designee must provide a written response within twenty working days of receipt. (*Id*. at 10.) If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director. (*Id*. at 11.) The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days.

(*Id*. at 12.)  "A written decision or rejection of an appeal at this level is the end of the grievance process."  (*Id*.)  Administrative Directive 14-16 includes the following warning:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC.  Inmates must fully exhaust the grievance prior to filing a lawsuit.  Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(*Id*. at 4-5.)

Defendants Shipman and Byers contend Plaintiff did not file or fully exhaust any grievance against them pertaining to the claims in this lawsuit.  (Doc. No. 42 at 6.)  In support of their argument, they submit the Declarations of Terri Grigsby Brown, the ADC Inmate Grievance Supervisor, and Shelly Byers, the ADC Medical Grievance Supervisor.  (Doc. Nos. 41-1, 41-2.)  According to their testimony, Plaintiff did not file or fully exhaust a single grievance naming Defendants Shipman or Byers or claiming a violation of his rights in the time between the incident complained of and the initiation of this action.  (Doc. Nos. 41-1 at 4, 41-2 at 4-5.)  Defendants Shipman and Byers have also provided Plaintiff's complete grievance history, which shows his most recent grievance was received on July 11, 2017.  (Doc. No. 41-4.)  According to Plaintiff's Amended Complaint, the excessive force incident that forms the basis of his claims occurred on September 28, 2017.  (Doc. No. 12 at 3.)

As Defendants Shipman and Byers point out, Plaintiff did attach three grievances to his Amended Complaint, which was filed on January 18, 2018.  (*Id*. at 11-13.)  They are dated September 30, 2017; November 12, 2017; and December 3, 2017.  (*Id*.)  None of these grievances bears a date stamp or grievance number, and none is signed by a staff member showing it was received as a formal grievance.  (*Id*.)  With respect to the September and December grievances, it is clear from the face of the documents Plaintiff went through the informal resolution process but

did not proceed by filing a formal grievance. (*Id*. at 12-13.) The November grievance was not processed at all and was returned to Plaintiff at the outset as "previously answered/rejected, or a duplicate." (*Id*. at 11.) Moreover, even if these grievances had proceeded through the informal resolution and formal grievance stages, they are deficient for other reasons. Neither the September grievance nor the December grievance names Defendants Shipman or Byers; instead, both name medical personnel. (*Id*. at 12-13.) In addition, the December grievance was submitted after Plaintiff initiated this action on November 16, 2017, and the November grievance was submitted only a few days before, meaning it could not possibly have been exhausted prior to the filing of this lawsuit. (*Id*. at 11, 13; Doc. No. 2 at 1.) It is well settled that "an inmate must exhaust administrative remedies *before* filing suit in federal court." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Completion of the process while the suit is pending is insufficient. "If exhaustion was not completed at the time of filing, dismissal is mandatory." *Id*. For all these reasons, none of these three grievances accomplished exhaustion of Plaintiff's administrative remedies.

In response to Defendants' Motion, Plaintiff provides a grievance submitted on October 7, 2017, in which he complained about the excessive force incident of September 28, 2017. (Doc. No. 48 at 3.) But like the September 2017 and December 2017 grievances previously discussed, this October 2017 grievance does not bear a date stamp or grievance number and is not signed by a staff member showing it was received as a formal grievance. (*Id*.) It appears Plaintiff once again went through the informal resolution process but did not proceed to the formal grievance stage. In his Response, Plaintiff does suggest he presented this grievance to an officer "for submission to

the step 2 process" – in other words, as a formal grievance.[2] (*Id*. at 2.) Plaintiff implies either the officer did not properly submit the form on his behalf or the warden refused to respond to it. (*Id*., Doc. No. 49 at 2.) However, Administrative Directive 14-16 contemplates that an appeal be filed within five working days even "[i]f an inmate has not received a response to his/her Unit Level Grievance within the allotted time frame." (Doc. No. 41-3 at 10.) Plaintiff's October 2017 grievance, like the September, November, and December grievances, did not reach the end of the grievance process.

The evidence shows Plaintiff failed to fully exhaust any grievance against Defendants Shipman and Byers pertaining to the claims in this lawsuit. Therefore, he failed to "complete the administrative review process in accordance with the applicable procedural rules." *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88). Accordingly, Defendants' Motion for Summary Judgment (Doc. No. 41) should be GRANTED, and Plaintiff's claims should be DISMISSED.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Motion for Summary Judgment filed by Defendants Shipman and Byers (Doc. No. 41) be GRANTED.

2. Plaintiff's remaining claims against Defendants Shipman and Byers be DISMISSED without prejudice for failure to exhaust administrative remedies.

3. Plaintiff's cause of action (Doc. No. 12) be DISMISSED.

---

[2] Plaintiff claims the October 2017 grievance was "signatured by the receiving officer Scott Taylor for submission to the step 2 process." (Doc. No. 48 at 2.) But Captain Taylor was the designated problem-solver who attempted informal resolution, and he signed in the "Step One" section. (*Id*. at 3.) The entire "Step Two" section, including the line beside "Staff Who Received Step Two Grievance," is blank. (*Id*.)

4.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 9th day of May, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE